IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Rekiesha Brown-Perry, et al., | ) |
| Plaintiffs, | ) NO. 3:24-CV-00096 |
| v. | ) JUDGE RICHARDSON |
| CORECIVIC, INC., et al., | ) |
| Defendants. | ) |

# ORDER

On August 1, 2022, several plaintiffs filed a lawsuit ("original lawsuit") based on three incidents of personal injury that allegedly occurred across multiple correctional facilities that Defendant Corecivic, Inc. ("Corecivic") owns and operates. Attorney-in-fact Cameshia Kindred ("Kindred") filed the original lawsuit[1] on behalf of former inmate, and now Decedent, Keith Brown ("Decedent"). (Doc. No. 1). On July 13, 2023, Kindred filed a Suggestion of Death (Doc. No. 47, "Suggestion of Death"), which stated that Decedent died on July 11, 2023. On September 28, 2023, the Court granted a motion to sever claims in the original lawsuit. (Doc. No. 52). In doing so, the Court instructed Kindred to file—in a separate case opened by the Clerk of Court—a complaint limited to the allegations of Kindred's own respective claims (brought on behalf of Decedent). (Doc. No. 52). In response to this, Plaintiffs Justin Brown ("Brown") and Rekiesha Brown-Perry ("Brown-Perry") (collectively, "Plaintiffs"), who are next-of-kin of Decedent, replaced Kindred, prior next of kin, as named Plaintiffs in the instant lawsuit by filing (on behalf of Decedent) the "Controlling Complaint" at Doc. No. 55.

Via the Controlling Complaint, Plaintiffs allege that Defendants Wayne D. Murray, M.D. ("Murray") and Anthony Ramirez, M.D. ("Ramirez"), both of whom are doctors at Defendant Hardin

---

[1] The original lawsuit was *Williams et al. v. Corecivic, Inc., et al.*, Case No. 3:22-cv-00571.

County Medical Center (together with Murray and Ramirez, "Defendants"), committed medical malpractice. Allegedly, they did so by failing to administer adequate medical care to Decedent, leading to terminal illness and suffering. (Doc. No. 55 at ¶ 53).

Pending before the Court is Defendants' joint motion to dismiss (Doc. 62, "Motion").[2] Via the Motion, Defendants assert that this action must be dismissed pursuant to Fed. R. Civ. P. 25(a)(1), which provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

Rule 25(a)(1) requires a motion for substitution to be filed within 90 days of the date from which death is suggested. Two steps are required to trigger the running of the 90-day period. "First, the suggestion of death must be made upon the record." *Id.*; *Jenkins v. Macatawa Bank Corp.*, No. 103-CV-321, 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "Second, the suggestion of death must be served upon the other parties *and the deceased's successor* [and i]f the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4." *Kealohapauole v. Itoe*, No. 21-12237, 2024 WL 969724, at *1 (E.D. Mich. Feb. 12, 2024), *report and recommendation adopted*, No. 21-12237, 2024 WL 966245 (E.D. Mich. Mar. 5, 2024) (quoting *Jones v. Leiter*, 2019 WL 2994499, at *1 (W.D. Mich. July 9, 2019)).

---

[2] Plaintiffs filed a response (Doc. No. 69, "Response") opposing the Motion. Defendants did not file an optional reply.

Ms. Kindred filed the Suggestion of Death on July 13, 2023, thus meeting the first requirement necessary to commence the 90-day period within which a motion for substitution must be filed. However, the second requirement necessary to trigger the 90-day period has not been met, because nothing in the record indicates that the Suggestion of Death was served on either Brown or Brown-Perry (i.e., the then-non-party successors of the deceased). (Doc. Nos. 69-2, 69-3). "Thus, the 90-day period for the filing of [a] motion[] for substitution has not commenced." *Jenkins*, 2007 WL 737746, at *1.

Therefore, the Motion (Doc. No. 62) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE